CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF OREGON
JAN 2 6 2005
LODGED____
PAID____ REC'D____
____DOCKETED____

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| IN RE | |
| CLAYTON PATRICK and MARY MULLER, | Case No. 601-69644-fra7 |
| Debtors. | |
| CLAYTON C. PATRICK, | Adv. Proc. No. 04-6100-fra |
| Plaintiff, | |
| vs. | |
| MICHAEL K. TANDY and SUSAN QUAN, | MEMORANDUM OPINION |
| Defendants. | |

I. BACKGROUND

Debtors Patrick and Muller filed bankruptcy under Chapter 7 on December 26, 2001, were granted a general discharge on December 21, 2002, and the case was closed on that date. Defendants Tandy and Quan filed an adversary proceeding in the Debtors' bankruptcy case in which they sought a judgment declaring their claim against the Debtors, consisting of loans made to Mr. Patrick over a number of years, to be

Memorandum Opinion - 1

nondischargeable.[1] A trial was held on July 30, 2003. At the conclusion of Tandy and Quan's case in chief, the court granted defendant Muller's motion to dismiss on the grounds that plaintiffs had failed to make a *prima facie* case against her, and the trial proceeded to completion against Mr. Patrick only.

In a memorandum opinion issued after trial, this Court held that Mr. Patrick, an attorney licensed in Oregon, had established an attorney/client relationship with the plaintiffs by February 14, 1997. From that date forward, he had an obligation to advise Tandy and Quan prior to borrowing any more money from them or Clearspring Trust that their interests were opposed, that certain risks might exist, and that they should seek independent legal advice. Failure to make such disclosures combined with other evidence submitted at trial rendered that part of Tandy and Quan's claim relating to loans made to Patrick on or after February 14, 1997 nondischargeable under Code § 523(a)(2)(A).

A judgment was entered against Patrick on October 31, 2003 finding the above described debt nondischargeable. Tandy and Quan did not ask for, nor did the court enter, a money judgment. Muller moved for costs and reasonable attorney fees under Code § 523(d). Finding that the action against Muller was not substantially justified, a judgment was entered on February 5, 2004 in favor of Mary Muller against Tandy and Quan, as trustees

---

[1] Adv. Proc. #02-6092-fra. The Plaintiff in the adversary proceeding was Clearspring Trust, of which Tandy and Quan are the sole beneficiaries and trustees. The pleadings were later amended to include Tandy and Quan as named plaintiffs.

Memorandum Opinion - 2

of the Clearspring Trust, for costs and attorney fees totaling $17,917.52. That judgment was assigned to Muller's attorneys on March 17, 2004.

The Present Adversary Proceeding

Patrick filed a complaint in the present adversary proceeding seeking a declaration that Tandy and Quan may not bring any action in state court seeking a money judgment. He argues that they are barred by the doctrine of *res judicata* from bringing such an action, as the matter should have been litigated in bankruptcy court. He also seeks a declaration that filing any action in state court seeking to enforce a discharged debt would constitute a violation of the discharge injunction.

Tandy and Quan filed a motion to dismiss Patrick's complaint under Fed.R.Civ.P. 12(b)(6), (made applicable by Fed.R.Bankr.P. 7012), for failure to state a claim.

In the meantime, Patrick and Muller's attorneys certified the money judgment assigned to them by Muller to the U.S. Bankruptcy Court, Northern District of California, and were issued a Notice of Levy under a Writ of Execution. They sought to levy certain bank accounts and cash in safe deposit boxes belonging to Clearspring Trust. Clearspring, through trustees Tandy and Quan, filed a motion in the adversary proceeding to enjoin the writ of execution until the issues regarding the Patrick judgment are resolved. They argue that the Muller
// // //

Memorandum Opinion - 3

judgment could be set off against the Patrick judgment once a money judgment against Patrick is obtained.

On August 3, 2004, a hearing was held on Tandy and Quan's motion to dismiss the adversary proceeding and their motion to enjoin the writ of execution. I took the matters under advisement.

## II. DISCUSSION

Motion to Dismiss

1. *Res Judicata* (Claim Preclusion)

Patrick argues that Tandy and Quan are precluded under the doctrine of *res judicata* from seeking a money judgment in a state court because they should have sought their money judgment in bankruptcy court when they litigated the dischargeability of the debt. *Res judicata* is "[an] affirmative defense barring the same parties from litigating a second lawsuit on the same claim, or any other claim arising from the same transaction or series of transactions and that could have been - but was not -raised in the first suit." Black's Law Dictionary 1336 (8th ed. 2004).

The Ninth Circuit Court of Appeals has ruled that a bankruptcy court has jurisdiction to enter a money judgment as an adjunct to a judgment of nondischargeability. Cowen v. Kennedy (In re Kennedy), 108 F.3d 1015 (9th Cir. 1997). However, insofar as jurisdiction to enter a money judgment is simply an adjunct to the core power to determine discharge, it follows that entry of a money judgment is not required. The fact that no money judgment

Memorandum Opinion - 4

was sought here does not preclude efforts to seek one in state court.

2. Discharge Injunction

Patrick seeks a declaration stating that filing any action in a state court seeking to enforce a debt discharged in bankruptcy would constitute a violation of the discharge injunction of Code § 524. It is not necessary to issue a declaratory judgment restating the injunction found at Code § 524(a)(2). Suffice it to say, that any attempt to collect, enforce or liquidate the claim held by Tandy, Quan, or Clearspring Trust for loans made on or after February 14, 1997 would not implicate the discharge injunction. That debt was clearly excepted from the discharge of debts granted to Patrick.

<u>Motion to Enjoin Writ of Execution</u>

Tandy and Quan seek to have this Court issue an injunction under Code § 105 preventing Muller's attorneys from levying on assets of Clearspring Trust under a writ of execution until such time as the matters surrounding the Patrick debt are resolved. Their argument may have more merit if the judgment and unliquidated debt both related to the same party. However, the debt, the enforcement of which they seek to have enjoined, relates to a judgment awarded to Muller alone and the judgment has been assigned to Muller's attorneys. It is separate from the unliquidated claim Tandy and Quan have against Patrick. Given that, I do not see how the two debts would be subject to offset.

Memorandum Opinion - 5

It is not even clear that this Court has jurisdiction to interfere in this matter. However, to the extent this Court has the power under Code § 105 to enjoin the writ of execution issued by the bankruptcy court in the Northern District of California, it declines to do so.

Effect of Gruntz

Three recent cases from the Court of Appeals for the Ninth Circuit call into question whether a state court has jurisdiction to determine core issues such as the extent or effect of a discharge injunction. In re Gruntz, 202 F.3d 1074 (9th Cir. 2000), (automatic stay, as an order of the Bankruptcy Court, was not subject to collateral attack in another court), In re Dunbar, 245 F.3d 1058 (9th Cir. 2001) (State administrative tribunal lacked jurisdiction to determine effect of automatic stay), and In re McGhan, 288 F. 3d 1172 (9th Cir. 2002) (State Court lacked jurisdiction to determine that discharge did not apply because of inadequate notice of the bankruptcy case.)

These cases strongly suggest that the state court does not have the authority to determine whether the discharge injunction entered in the Chapter 7 case here prohibits the action. Moreover, the judgment in this Court has already determined the scope of the discharge in this case, so the state court will be precluded by *res judicata* from considering the matter in any event.

// // //

Memorandum Opinion - 6

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the adversary proceeding will be granted. Their motion to enjoin the writ of execution issued by the U.S. Bankruptcy Court of the Northern District of California will be denied. An order will be entered consistent herewith along with a judgment of dismissal.

FRANK R. ALLEY, III
Bankruptcy Judge

Memorandum Opinion - 7